### Morman v. The State, 24 Miss. Rep., 54.

### Homicide.

#### PENITENTIARY CODE — INTENT — VERDICT — ACQUITTAL.

The 33d and the 36th sections of the 3d article of the Penitentiary Code, Hutch. Code, 960, 961, 965, have created separate and distinct classes of offenses; and under an indictment for an assault, with intent to kill and murder, a conviction for an assault with intent to commit manslaughter cannot be sustained.

Nor will such conviction be aided by the 22d section, article 8th of said Code, that section relating only to that class of offenses which the statute makes to consist of different degrees; and where a conviction of a degree inferior to that charged in the indictment will be sustained.

Where an evil intent is necessary to constitute an act a crime, it must be alleged in the indictment and proved in the same manner as any other material fact; and an allegation of shooting with intent to kill A will not be sustained by proof of shooting with intent to kill B.

A charge in an indictment of an assault with intent to kill and murder, is negatived by a verdict of an assault with intent to commit manslaughter, and the verdict is an acquittal of the prisoner of the offense charged in the indictment, and a bar to further prosecution for the same offense.

Error to Yalobusha circuit court. Rogers, J.

The facts of the case are contained in the opinion of the court.

*E. S. Fisher & Thomas* for plaintiff in error.

*D. C. Glenn*, attorney general.

Morman was indicted for an assault, with intent to commit manslaughter. He was convicted of an assault, with intent to commit manslaughter. This was correct. Hutch. Code, 983, § 22; ib., 960, § 33.

The evidence presents a case of a most aggravated and cowardly assault to take life. The proof is clear and unequivocal.

Yerger, J.:

At the October term, 1851, of the circuit court of Yalobusha county, the plaintiff in error was indicted for an assault and battery with a deadly weapon, with intent to kill and murder. He was found guilty of an assault, with an intent to commit manslaughter. A motion was made in arrest of judgment, which motion was overruled, and the prisoner sentenced to the penitentiary for four years.

The indictment was framed under the thirty-third section of

the third article of the Penitentiary Code, which is in these words : "Every person who shall be convicted of shooting at another, or of an attempt to discharge any kind of firearms, or any air-gun at another, or of any assault and battery upon another, by means of any deadly weapon, or by such other means or force as was likely to produce death, with the intent to kill, maim, ravish, or rob such other person, or in the attempt to commit any burglary, larceny, or other felony, or in resisting the execution of any legal process, shall be imprisoned in the penitentiary for a term not exceeding ten years." Hutch. Code, 960.

By the thirty-sixth section of the third article of the same law, it is further provided that " every person who shall be convicted of an assault with an intent to commit any robbery, rape, manslaughter, or any other felony, the punishment of which assault is not hereinbefore described, shall be punished by imprisonment in the penitentiary for a term not exceeding ten years," etc.   Hutch. Code, 961, 985.

It will thus be seen that the statute in the foregoing sections has made a difference between an assault and battery with a deadly weapon, with the intent to kill, etc., and a mere assault, with the intent to commit manslaughter or other felony, and has fixed a different punishment to the two offenses.

When it is recollected that the prisoner was indicted for an assault and battery, with the intent to kill and murder, and that he was convicted of an assault, with intent to commit manslaughter, it will be seen that he was convicted of another and different offense than that charged in the indictment.

It is said that the 22d section of tit. 8 of the Penitentiary Code, Hutch. Code, 983, will sustain the verdict in this case. It is in these words : " Upon an indictment for any offense consisting of different degrees, the jury may find the accused not guilty of the offense in the degree charged in the indictment, and may find such accused person guilty of any degree of such offense inferior to that charged in the indictment, or of an attempt to commit such an offense."

This section of the law is obviously applicable only to that class of offenses which, under the statute, consists of different

degrees, and in which the conviction is for the same offense, but in a different degree, from that charged in the indictment, and is very far from authorizing a verdict for a different crime or offense than that of which the accused is charged.

Nor will the common-law rule that " where the accusation includes an offense of inferior degree, the jury may discharge the defendant of the higher crime and convict him of the less atrocious," uphold this verdict.

It has been uniformly holden, that where the evil intent accompanying an act is necessary to constitute such act a crime, the intent must be alleged in the indictment, and proved ; and the intent with which the act was done must be proved to be the same with that charged. Thus, for instance, where, in an indictment on 43 George 3, c. 58, where the intent laid in several counts was to murder, to disable, or to do some grievous bodily harm, and the intent found by the jury was to prevent being apprehended, it was held bad, and that the intention should be stated according to the fact. 1 Chitty, C. L., 233 ; Russ. & Ry., C. C., 365. So, in burglary, if the entry be alleged to have been made with intent to commit a specific felony, the indictment is not sustained by evidence of any entry with the intention to commit another kind of felony.  2 East, P. C., Rosc. Cr. Ev., 328.

And in this state it has been held, under this statute, where the prisoner was indicted for shooting, with the intent to kill A, he could not be convicted by proof of shooting, with intent to kill B.  Morgan v. State, 13 S. & M., 242 ; 11 ib., 317.  In the case of Morgan v. State, the court says : " It is incumbent on the state to prove the specific intent as charged."  See also 7 Carr. & Payne, 518 ; 3 Johns. R., 511 ; 2 Stark. Ev. (5th Am. ed.), 416, 419.

In the case at present before us, the finding of the jury negatived the intent as charged in the indictment.  That intent was averred to be " to kill and murder."  The intent found by the jury was to " commit manslaughter," another and distinct felony from that charged.  The variance is, therefore, fatal, and the judgment must be arrested.  We do not express any opinion on the question, whether on an indictment for an assault

and battery, with the intent to kill and murder, or commit another felony, the jury may find a verdict for an assault, with the intent to commit such felony.

In this case, the verdict of the jury is an acquittal of the prisoner from the offense charged in the indictment, and will bar another prosecution against him for the same offense. In arresting the judgment, it is proper that he should be discharged.

Let the judgment be arrested and the prisoner discharged.

FISHER, J., having been consulted by the plaintiff in error, gave no opinion.