## WILLIAM MORGAN V. THE STATE.

1. An indictment for theft from a house alleged that the accused, " eight dollars in gold coin of the United States, the property of R. P., then and there being in the possession of J. W., without the consent of the said R. P., and without the consent of the said J. W., and from a house belonging to the said R. P., with intent to deprive the owner of the value of the same and to appropriate the same to his, the accused's, own use, feloniously and fraudulently did take, steal and carry away, contrary, etc.   He'd, that though this language be circuitous, yet it sufficiently charges the offense.

2. Though a defendant has been acquitted on an indictment for the theft of money alleged to belong to or to have been taken from the possession of one person, he may lawfully be indicted, tried and convicted on a different indictment for the theft of the same money as the property, or as taken from the possession of a different person.   In such a case, though both indictments are founded on one and the same physical act, yet their legal effect is different, and in a legal sense they charge distinct offenses, wherefore neither the Bill of Rights nor the plea of former acquittal will avail the defendant in bar of the second indictment.   (Swindel v. The State, 32 Texas, 102, cited by the court.)

APPEAL from Lamar.  Tried below before the Hon. Hardin Hart.

The facts are sufficiently disclosed by the court in its opinion.

*S. B. Maxey*, for the appellant.—In support of the position that his first acquittal shields him from a second prosecution for the same offense, appellant relies on the twelfth section of the Bill of Rights (State Constitution), wherein it is declared that "no person shall be again put upon trial for the same offense, after a verdict of not guilty." (Paschal's Digest, 48, § 12; The State v. Burris, 3 Texas, 118.)   This principle is reiterated and amplified in the code of criminal procedure, article 2486, Paschal's Digest, where it is enacted that, after a verdict of not guilty, the

defendant is exempted, not only from a second trial, but even from a second prosecution, for the same offense, and that, too, notwithstanding any irregularity in the proceedings.

It is respectfully submitted to the court, that if, after a verdict of acquittal, the State's prosecuting officers are permitted to inaugurate a second prosecution for the same offense, merely by making a slight change in its statement, that this constitutional provision, which was intended as a shield of protection, will be transformed into an engine of oppression.

Before verdict the defendant's jeopardy is not complete, and he is at any time liable to a second prosecution; but after verdict its very completeness enures to his protection, and forever exempts him from a second prosecution for the same offense.

Grant that his guilt has been established beyond peradventure; that the facts of his case show it to be one of aggravation in the extreme; that he has escaped entirely from a justly deserved punishment; and that his acquittal has resulted from the technicalities of the law; yet, notwithstanding all this, and guilty as he is, the Constitution interposes in his behalf, and throws around him the panoply of its protection. For other offenses he is liable as other men, but for this offense, in the strong language of Mr. Justice Wheeler, " the State can pursue him no further."

In conclusion, the court is referred to the fifth and last assignment of errors. There is no allegation in the indictment that the money was taken from the possession of any one, and it was error to admit proof of that fact. The indictment, it is true, charges that the money, being in the possession of a certain one, was taken from his house. It is conceived that this does not at all meet the requirement of the law, in that it fails to correspond with the definition of the offense of theft in general. The allegation of one of the principal ingredients in the crime of theft is entirely omitted. It certainly will not be contended that the allegation "from the house" is equivalent to the phrase "from the possession."

It is well settled that the omission of a descriptive word in an indictment is fatal, and cannot be supplied by intendment. (The State v. Dougherty, 30 Texas, 360 ; The State v. Hutchinson, 26 Texas, 111 ; The State v. Huston, 12 Texas, 245.) *A fortiori* the omission of a descriptive phrase cannot be supplied by intendment. The allegation " from the possession " is imperative. (Paschal's Digest, article 2381.)

*Wm. Alexander*, Attorney General, for the State.—The case in 3d Texas, 118, State v. Burris, quoted and relied upon by appellant's counsel, is not inconsistent with our view of the law. In that case the State appealed after a verdict of " not guilty," and the court decided that after such a verdict the State can pursue the defendant no further " upon the same charge, either by an application for a new trial, or by an appeal." In this case there is neither new trial in behalf of the State, appeal by the State, nor a trial upon an indictment charging the same offense. The charge of the theft of the property of Warwick is not the same as the charge of theft of property of Peterson ; nor can the two indictments be construed to mean one and the same " criminal prosecution." That a verdict of not guilty on the charge of theft of Warwick's property ended forever that prosecution is evident ; that such an acquittal can have no bearing upon the charge of the theft of Peterson's property is equally clear. (See 1 Bishop's Criminal Law, 4th edition, §§ 885, 886.)

" Suppose both indictments were originally meant for the same offense, the jeopardy is not the same when an accidental variance in one of them from the facts prevents the evidence from producing danger of conviction." * * * " The defendant, being acquitted by reason of the variance, is liable to be prosecuted on a new indictment in which the matter is truly alleged. The test is, whether, if what is set out in the second indictment had been proved at the trial under the first, there could legally have been

a conviction; when there could, the second can not be maintained; when there could not, it can be.

It only remains for us to notice the last argument urged by appellant: Does the indictment contain a sufficiently clear allegation that the property alleged to have been stolen was taken from the possession of the person holding the same? If the indictment does not contain a description of the offense of theft, as defined in the statute, and does not set forth the offense in plain and intelligible language, as the law of criminal pleading requires, then we are free to admit that the fifth and last assignment of error ought to be adjudged to be sustained.

But, after a careful examination of the law, we are forced to the conclusion that the indictment is full and complete; and, therefore, the proof was properly introduced which authorized the jury to find a verdict of guilty. We affirm these propositions:

1. That all the technicalities of the common law have been repealed in Texas. What is a crime is determined by statute. What pleading describes the crime is also determined by statute. The whole law of crime, aside from rules of construction and principles of evidence, is in the Criminal Code and Code of Criminal Procedure. (See articles 1605, 1611, 1630, 2469.)

2. If an indictment sets forth the commission of the offense as defined, and the language of the indictment conveys a correct idea to the minds of jurymen, the indictment also complying with the statute in its formal and necessary structure (C. P., article 2863), it must be sustained. As to how the rules of pleading must be construed see C. P., article 2491.

Tested by these principles, we ask if the mind of any man of ordinary intelligence could fail to appreciate the facts charged in this indictment?

1. The fraudulent taking of corporeal personal property is alleged.

2. The name of the owner is stated.

3. The name of the person holding possession is stated.

4. The name of the owner of the house from which the property was stolen is stated.

5. It is alleged that the taking was with intent to deprive the owner of the value of the property.

6. And also to appropriate to the taker's use.

7. That the taking was without the consent of the owner of the money and house, and without the consent of James W. Warwick, who was then and there in possession of the money stolen.

8. All the formal parts of the indictment are full, and the offense is described in plain and intelligible language.

From whose possession did appellant steal the money? Not from the owner, but from Warwick, who was alleged to have been in possession thereof; and as the proof fully responded to every allegation, the jury correctly found the defendant " guilty as charged in the indictment."

OGDEN, J.—The defendant in the court below was indicted for the theft of money from the house of Richard Peterson; said money being then and there the property of said Richard Peterson, and in the possession of James W. Warwick. On the trial the defendant filed a plea in bar of the suit, and set up the fact that he had previously, at the same term of the court, been tried for the same offense and acquitted. The plea has the judgment of the court attached, but fails to set out the indictment or a statement of the facts in the former suit, and for this cause, and from the statement of facts in the case at bar, we are wholly unable to determine with any certainty for what the defendant had been previously indicted and tried. Had the defendant been previously tried and acquitted for the same offense, that fact was a matter of proof for the jury, and should have appeared in the statement of facts, signed by the presiding judge. The presiding judge submits to the jury the question of a former acquittal, and, without a

statement of facts, presenting the proof before the jury on that question, we are bound to presume that the verdict was in accordance with the facts of the case.

The whole transcript in this case is very imperfectly, inartistically, and unintelligibly made out; and we should be sorry if the defendant in this case were compelled to suffer from the ignorance of the clerk in making out the record, or the carelessness of attorneys in sending up an imperfect one. But we are of the opinion that in this case no injury has resulted to the defendant, as there is attached to the record sent up a copy of an indictment, which, though not in its proper place, nor under the proper certificate, yet we presume to be a copy of the indictment under which appellant was previously tried and acquitted. We shall therefore examine the assignment of errors, as though the transcript was regular and in proper form.

We think the question raised by the fifth assignment untenable. The indictment charges the defendant, in a somewhat circuitous manner, but with a sufficient degree of certainty, with having stolen eight and a half dollars, in gold and silver coin, from a house, which coin was then and there in the possession of James W. Warwick. This is believed to be a sufficient allegation of the possession, and, also, that the property was feloniously taken from that possession. The language is certainly objectionable in a philological sense, but we are inclined to hold the legal import sufficient.

The plea of former acquittal would certainly be good, provided the facts show an identity of accusation and cause of complaint. But in this case we fail to discover an identity of accusation in the case at bar and the one on which the defendant was acquitted. In the first indictment he was charged with the theft of eight and one half dollars from the dwelling house of James W. Warwick, and from his possession; and that the money belonged to the said James W. Warwick. In the last indictment, and the one upon which he was convicted, defendant was charged with the theft of

eight dollars and a half, the property of Richard Peterson, from the house of Richard Peterson, which said coin was then and there in the possession of James W. Warwick. The only identity in the two cases is the amount of money stolen, and the possession of the property when stolen; and we do not think these facts of identity sufficient to authorize the court or jury in coming to the conclusion that the two indictments charged one and the same act and offense.

But we are of the opinion that if the court and jury were morally certain that the two indictments attempted to charge the same offense, yet they were not thereby precluded from trying him on the second, since the legal force and effect of the two indictments were entirely different and charged different offenses. The first indictment may have been untrue, and the evidence upon the trial under that indictment may have shown that defendant had never stolen money belonging to Warwick, but most certainly that could not clear him from the theft of Peterson's money. Again, the evidence on the former trial may have proven that the defendant had never stolen money from the dwelling house of Warwick, but an acquittal in that case could not be plead on a trial for stealing from the house of Peterson. The offenses are separate and distinct, and though they may both refer to the same physical act, yet an acquittal of the one would not bar a prosecution for the other. In the case of Joe Swindel v. The State of Texas, decided by this court in 1869, the court say, "If the appellant had been acquitted by the verdict of a jury of the theft of a horse, it would be no bar to a prosecution for the theft of a gelding." The offenses are separate and distinct; and though they may relate to the same physical act, yet in law they are different, and a prosecution may be had for either or both, and a conviction for one after acquittal for the other. We cannot understand wherein this construction in any way conflicts with section twelve of the Bill

---

---

of Rights, which declares that no person shall be again put upon trial for the same offense, after verdict.  (Paschal's Digest, 48.)

There is no error in the judgment of the court to authorize a reversal; and it is therefore affirmed.

Affirmed.