### W. Irvin v. The State.

1. Former Acquittal constitutes no defence against a charge of which the accused could not have been convicted in his former prosecution. Note the illustrations of this principle collated in the opinion of the court.

2. Malicious Mischief. — Under the provisions of the Penal Code, the wilful killing, etc., of certain animals, with intent to injure the owner, is a different offence from the wilful and wanton killing, etc., of such animals, the property of another; and in a prosecution for one of these offences a conviction for the other could not legally be had. Therefore a former acquittal of one of these offences is no defence against a prosecution for the other, though both prosecutions were based on the same acts of the accused.

Appeal from the County Court of Johnson. Tried below before the Hon. W. J. Ewing, County Judge.

*W. Poindexter*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, J. At the March term, 1879, of the County Court of Johnson County, an information was filed against the appellant, William Irvin, charging him with wilfully and

wantonly killing one certain swine, the property of A. J. Pierce.

The appellant moved to quash the indictment, *first*, because the same charges no offence against the laws of the State of Texas ; *second*, because the same does not allege that the defendant killed the swine without the consent of the owner thereof.

And appellant, for special plea in bar, pleaded a former acquittal; "that at the February term of this the County Court of said county, and in said County Court at a regular term thereof, this defendant was tried and acquitted of the offence in the information in this cause charged against defendant, and that the said offence of which this defendant was so tried and acquitted was the same and no other offence than that in the information in this cause charged against defendant ; and of this defendant puts himself upon the country," etc. The appellant also pleads not guilty. The court overruled, and we think properly, the appellant's motion to quash the indictment.

An indictment found under art. 2345, Paschal's Digest, which was enacted for the protection of certain dumb animals, need not allege the ownership of the animal killed, or that it was killed without the consent of the owner. *Rose* v. *The State*, 1 Texas Ct. App. 401.

On the trial of the cause, the appellant, in support of his plea of former acquittal, offered in evidence the affidavit of A. J. Pierce against William Irvin *et al.*, in the case of *The State of Texas* v. *Wm. Irvin, Matthew and John Irvin*, which is as follows, to wit :—

"THE STATE OF TEXAS,
    *Johnson County.*

"Personally appeared before me, the undersigned authority, A. J. Pierce, who, after being duly sworn, upon his oath says that John Ervin, Wm. Ervin, and Matthew Ervin did, in the county of Johnson and State of Texas, on or about the 12th day of August, 1878, wilfully kill nine certain head of

swine, the property of A. J. Pierce, with the intent to injure the owner thereof, and to the injury of the owner thereof forty dollars, against the peace and dignity of the State;" which was duly sworn to by affiant before a proper officer. To the introduction of which the attorney for the State objected, upon the ground that defendant in that affidavit was charged with killing the hogs with intent to injure the owner thereof, and that defendant was now on trial for wantonly killing the same; and that the two were different and distinct offences.

Appellant also offered in evidence the information filed in the case of *The State of Texas* v. *Wm. Ervin et al.*, on the —— day of September, A. D. 1878, upon the affidavit of said A. J. Pierce, charging the defendant with killing nine head of swine, the property of said Pierce, with the intent to injure the owner thereof, etc.

Appellant also offered in evidence a certified copy of the judgment of the County Court of Johnson County in the case of *The State of Texas* v. *Wm. Ervin and Matthew Ervin*, rendered at the February term, 1879, thereof, in which defendant was adjudged not guilty; to which the counsel for the State objected, substantially for the same reasons that he objected to the introduction of the affidavit offered in evidence. The appellant introduced Matthew Irvin, and offered to prove by him that the swine for the killing of which appellant was on trial was included in the nine head killed, for which appellant was tried and acquitted at the February term, A. D. 1879, of said County Court, and that at said February term of the court appellant was tried for killing the same identical swine, and at the same time and place, for which defendant was now being again tried; to the introduction of which evidence the county attorney objected upon the following grounds, to wit: —

1. Because, admitting the swine and the act to be identical and the same, the prosecution in the first case was no bar to this prosecution, because in the first case defendant was charged with killing the swine with the intent to injure

the owner, and in the second with wantonly killing the same.

2. Because a prosecution and acquittal under art. 2344 of the Criminal Code would not bar a second prosecution under art. 2345 of the Criminal Code, the two statutes being for different offences altogether.

The objections of the county attorney to all the foregoing evidence offered by appellant in support of his special plea of former acquittal were sustained by the court; to which the defendant excepted, and saved a bill of exceptions.

In *autrefois acquit*, it is necessary that the prisoner could have been convicted on the first indictment of the offence charged in the second. The Supreme Court of Mississippi say: " When the verdict of a jury amounts to an acquittal from the offence specifically charged in the indictment, it will bar another prosecution for the same offence. *Norman* v. *The State*, 24 Miss. 54. In the case of *The State* v. *Revels*, Busb. L. 200, a person was indicted for stealing a sheep, the property of A., and acquitted on the ground that the owner was unknown. He was then again indicted for the same offence, the sheep being charged to be the property of some one to the jurors unknown. *Held*, that the former acquittal was not a bar to a conviction upon the second indictment."

The Supreme Court of Texas, in the case of *Morgan* v. *The State*, 34 Texas, 677, say that, " though a defendant has been acquitted on an indictment for theft of money alleged to belong to, or to have been taken from the possession of, one person, he may lawfully be tried and convicted, on a different indictment, for the theft of the same money as the property, or as taken from the possession, of a different person. In such a case, though both indictments are founded on one and the same physical act, yet their legal effect is different, and in a legal sense they charge distinct offences; wherefore neither the Bill of Rights nor the plea of former acquittal will avail the defendant in bar of a

second indictment." (Citing *Swindel* v. *The State*, 32 Texas, 102.[1])

The rule seems to be well settled that a former trial is not a bar unless the first indictment was such that the prisoner might have been convicted upon proof of the facts set forth in the second indictment. *Burns* v. *The People*, 1 Park. Cr. 182; *Price* v. *The State*, 19 Ohio, 423; *The Commonwealth* v. *Wade*, 17 Pick. 395; *The Commonwealth* v. *Roby*, 12 Pick. 496.; *The State* v. *Birmingham*, Busb. L. 120; *Roberts* v. *The State*, 18 Ga. 8; Whart. Cr. Law, sects. 563, 565, 566. The same doctrine is declared in *Thomas* v. *The State*, 40 Texas, 36, and *Vestal* v. *The State*, 3 Texas Ct. App. 648. In the last two cases it was said: "But we do not understand from this that the first charge and trial might have been for a misdemeanor of which the accused could not have been convicted on the indictment for the second, — as, for an offence of a different nature, and not merely one differing in degree." And where the jury could lawfully have found the defendant guilty of a lesser offence, an acquittal of a higher will be a bar to an indictment for the lower. *The State* v. *Standifer*, 5 Port. 523; *Tribble* v. *The State*, 2 Texas Ct. App. 424.

But, as before stated, so far as malicious mischief concerns wrongs done to animals, there are two separate and distinct offences defined in the two separate articles of the Code (Pasc. Dig., arts. 2344, 2345), and a party may well be tried and acquitted of one of them upon a state of facts which would warrant and support the conviction for the other, as is amply illustrated in the very case under consideration.

The charge of the court made a proper presentation of the law applicable to the facts, and submitted fairly and particularly the question necessary to be determined with

---

[1] The foregoing portion of the above opinion was prepared by our late presiding judge, Hon. M. D. ECTOR, and was found in the record upon his table after his death. It is perhaps the last work done by him. — WHITE, J.

regard to the character of the offence which would exonerate one for killing the animals of another, for and after entering his enclosure. The evidence all showed that the defendant's fence was not a lawful one, nor hog-proof. The court did not err in refusing the special instructions asked by defendant ; so far as they were the law, and applicable to the facts, they were covered by the general charge.

There was no error committed on the trial which would authorize us to interfere with the judgment, and it is there-fore affirmed.

*Affirmed.*