# JAMES P. WRIGHT V. THE STATE OF TEXAS.

## IN COURT OF APPEALS, TYLER TERM, 1884.

*Autrefois Acquit and Convict.*—For an illustration and elaboration of the distinction between the defenses of *autrefois acquit* and *autrefois convict*, see the opinion in *extenso*.

*Same—Theft.*—When the evidence shows that the theft of cattle of two different owners was perpetrated in a single transaction, the conviction of the accused of the theft of the cattle of one of the said owners, will upon the doctrine of *autrefois convict*, and the doctrine of carving, operate to bar a prosecution for the theft of other owner. But being charged in separate indictments with the theft of the cattle of the separate owners, an acquittal under one will not bar the prosecution under the other. Notwithstanding the transactions be the same, and the evidence be in both identical. (See the opinion on the question.)

*Same—Jury Law—Trial.*—See the opinion *in extenso*, for circumstances under which, flagrant misconduct of the trial jury being manifest, the court should have granted a new trial.

Appeal from Gonzales county.

### STATEMENT.

The conviction in this case (for theft of cattle,) rested upon unexplained possession of recently stolen cattle, belonging to two different owners. Separate indictments were presented, one alleging the theft of the cattle of H., and the other the theft of the cattle of F. Appellant, in this case was on trial for the theft of cattle of F. He pleaded in bar to the prosecution, that he had been indicted and previously tried and acquitted for the theft of the cattle of H., and that the transactions were the same. The status of the defense, the facts showing the transactions to be the same, is the important question involved in the opinion of the court.

### OPINION.

On the trial (number of this case upon the court docket being 2170) appellant pleaded a former trial and acquittal in cause No. 2172 on the said docket. In this case, No. 2170, appellant was indicted for the theft of fifteen head of neat cattle, the property of R. H. Floyd. In cause No. 2172, in which he had been acquitted, he had

been charged with the theft of cattle, the property of R. A. Houston. It is insisted that the evidence shows that the taking of the animals mentioned in the two indictments was one and the same transaction, and that the plea was therefore good and should have been sustained; and we are cited to Simco's case, 9 Tex., Ct. App., 338, as supporting the position.

Counsel misapprehend the Simco case. An attempt was made by us in that very case to draw the distinction between pleas of *autrifois acquit* and *convict*. It was said, "*autrifois acquit* is only available in cases when the transaction is the same, and the indictments are susceptible of and must be sustained by the same proof. *Autrifois convict* only requires the transaction, or the facts constituting it to be the same. To illustrate : If a party be indicted separately for the theft of three horses, the property of A., B. and C, taken at the same time or in one transaction, and he be tried on the first for the theft of A's horse,   *   *   *   and should be acquitted, would the plea of that acquittal operate a bar to the conviction on the other trials because the transaction was one and the same ? By no means. Why ? Simply because the proof necessary to a conviction in the latter cases would not convict in the former."

To make it plainer if possible : In the case before us the proof necessary to convict for stealing Floyd's cattle, was not necessary or essential to be proven on the trial for the theft of Houston's cattle. True, the evidence in both cases might be the same identically, but still it was not necessary to conviction in the former case that the State should prove that Floyd's cattle were stolen, though the introduction of such evidence might have been available from the fact that it was inseparable from the evidence connected with the theft of Houston's cattle, which was the issue on trial. In other words, whilst the state was trying him for the theft of Houston's cattle, she was not bound to show the theft of Floyd's cattle, nor was she bound to establish anything more than the theft of Houston's cattle; and the fact that the evidence necessarily showed more than was charged, viz: Two thefts instead of one, would not be binding upon the state if he was acquitted of the one, because he could not in the one of which he was acquitted have been convicted of the other, the indictment not charging the latter. An accused can not be acquitted of a crime with which he has not been charged and tried,

and could not be convicted, and in cause No. 2172, the defendant was not charged with a theft of Floyd's cattle.

But suppose defendant had been convicted in the first case for the theft of Houston's cattle, then, on the second, for the theft of Floyd's cattle, he could plead the former conviction, and if the evidence showed that the transaction was but a single one—that is, that the cattle of Houston and Floyd were taken at the same time and place—his plea would be good and should prevail, because the, transaction being but one, the prosecution could carve but once, and having once carved and convicted it could not claim another and second conviction against the same party for the single offense. It is the doctrine of carving, a well established principle of criminal law, which makes this distinction between the pleas of *autrefois acquit* and *autrefois convict* where several ostensible crimes are covered by a single transaction. But for this doctrine of carving, his pal of former conviction, would not be maintainable in law. (Simco v. State, 9 Ct. App., 308.) He had never been acquitted in the former trial of the theft of Floyd's cattle, and could not have been, because he was not charged in the first indictment with their theft, and a defendant cannot be convicted of a crime with which he is not charged. The *allegata* and *probata* must correspond. (Morgan v. State, 34 Tex., 677.)

But, had he been convicted, he might well say at the second trial, I have already been convicted for this same transaction, and I cannot be convicted a second time, and had he shown in support of the plea that Floyd's cattle were taken at the same time and place with Houston's, though he was not charged in the first indictment with the theft of Floyd's cattle, the plea would be good and should be sustained as to the latter, because the state had carved already and obtained his conviction for the same offense, and in law that is a satisfaction of the entire offense so far as he is concerned.

In Wilson v. State, 45 Texas, 76, it was held that the "stealing of different articles of property belonging to different persons at the same time and place, so that the transaction is the same, is but one offense against the state. The accused cannot be convicted on separate indictments charging different parts of one transaction, as in each a distinct offense. A conviction on one of the indictments bars a prosecution on the others."

The misconduct of the jury, after the cause was submitted to

them is one of the grounds urged in the motion for the new trial. Affidavits in support of this ground of the motion show : 1. That one of the jurors was permitted by the officer having the jury in charge, to separate from the jury and go, unaccompanied by an officer to the suburbs of the town after his bed-clothing, and was for some time out of sight of the jury and the officer. 2. That whilst the jury had the case under advisement, and were being kept in the court room for the night, the officer in charge of the jury permitted officers of the town council of Gonzales to come into the court room where the jury were, and permitted Green D. Witt who was foreman of the jury and also a member of the board of the town council to attend and participate in the transaction of the business before the town council, in the presence of the jury. 3. Whilst the jury had the case under advisement, they slept in the court room. The officer in charge permitted one John Barnett, who was not a member of the jury or even an officer of the court, to sleep all night in the said court room with one of the jurors.

In Jones v. State, 68 Mich., 760, "where a sheriff in charge of a jury occupied the bed with them during their deliberations upon a criminal case, it was held that, though a grave irregularity, yet a verdict would not be set aside where it was apparent that no harm resulted.

In Cowen v. Wormley, 8 Grat. (Va.,) 712, a sheriff to whom a jury was committed in the progress of a criminal trial walked with them to a neighboring house, and whilst there withdrew from the room where they were, leaving them in the company of three other persons. Although these other persons swear that there was no allusion by them to the trial during such absence of the sheriff, yet the verdict of the jury against the prisoner is to be set aside and a new trial directed."

Our statutes upon the subject are too plain and emphatic to be misunderstood. They say : After the jury has been sworn and empanelled to try any case of felony, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court with the consent of the attorneys representing the state and the defendant, and in charge of an officer." (C. C. P. Art. 687.) "It is the duty of the sheriff to provide a suitable room for the deliberation of the jury in all criminal cases, and to supply them with such necessary food and lodging as he can obtain, but no spirituous,

vinous or malt liquors of any kind shall be furnished them. (Id. Art. 689.) No person shall be permitted to be with the jury while they are deliberating upon a case, nor shall any person be permitted to converse with a juror after he has been empannelled, except in the presnce and by the permission of the court, ※ ※ ※ and in no case shall any person be permitted to converse with the juror about the case on trial." (Id. Art. 690.)

The conduct, both, of the officer in charge and the jury, as set out above, is a most gross and palpable violation of the letter as well as spirit of our statute, and (as was said in Warren v. State, 9 Ct. App., 620,) should not be tolerated in grave cases affecting the life and liberty of the citizen, when not only the defendant, but the state also demands that the verdict of the jury shall be above suspicion and command full faith and confidence." (Early v. State, 1 Ct. App., 248.)

In the case of Daniel v. State, 51 Ga., 653, C. J. Warner says : "Jurors are as liable in our day to be influenced and controlled by public opinion as Pilate was in his day, when by the clamor of the the multitude he consented to deliver up our Saviour to be crucified. The policy of the law is to protect jurors from all such influences and temptations in the trial of criminal cases, as well as defendants who may be injured thereby." (S. C. Am. Cr. R. (Hawley) 421 ; Wood v. State, 34 Ark., 311 ; 40 Ala., 424 ;

This court cannot sanction a verdict of guilty in a felony case found under such circumstances. We do not deem it necessary to discuss other errors complained of. They are not likely to arise again.

Reversed and remanded.                                    White, P. J.