Mr. Justice Smith
delivered the opinion of the court.
The indictment in this case, upon which William Morgan, the plaintiff in error, was tried and convicted, was framed under the 33d sec. chap. 64, of the act of 1839; Hutch. Dig. p. 960. The first clause of that section creates and defines the offence with which the party was charged; and is in the following words, viz.: “ Every person who shall be convicted of shooting at another, with the intent to kill, maim, &c., such other person, shall be punished by imprisonment in the penitentiary, for a term not exceeding ten years.”
Upon the trial of the issue, the prisoner, by his counsel, re *244 quested the court to charge the jury, “ that, under this indictment, it is necessary for the prosecution to prove that said defendant shot at Foster (the person on whom the assault was alleged to have been committed) with the intent to kill said Foster, before the defendant can be legally convicted.” This instruction was refused; whereupon the counsel for the state requested the court to charge the jury as follows:
1. “That if the jury believe, from the evidence, that the prisoner shot into the crowd, with the intention of killing any one in the crowd, but not with the intention of killing Foster; and that the shooting was not, at the time, in the necessary self-defence of the prisoner, they should find him guilty.
2. “ That if the jury believe that Morgan shot at Loftin, with a premeditated design to kill him, Loftin; and that said shooting was not in the necessary self-defence, although he missed Loftin and shot Foster, they should find him guilty, though he entertained no malice towards Foster.”
The correctness of these instructions presents the first question for the consideration of this court; and it is obvious that if the former be correct, the latter must be erroneous.
It is a universal principle of evidence, that a man shall be understood to intend that which he does, or which is the natural and necessary consequence of his act. Hence, in the absence of any explanatory testimony, we should be bound to presume that the prisoner intended to perpetrate the assault charged, upon the person of Foster; and to hold the offence as charged clearly made out. But the instructions asked for, as well by the state as the prisoner, clearly show that evidence had been adduced on the trial, which tended to establish the fact that Loftin, and not Foster, was the object of the assault. The instructions, then, did not propound abstract propositions, which could in nowise affect the verdict of the jury.
It is a well understood rule of law, where a general felonious intention is sufficient to constitute the offence, that it is no ground of excuse, where a party who intended to commit one felony has committed another. 2 Stark. Ev. p.416,5 Am. Ed.; East, P. C. 514.
*245 In the case at bar, the malicious intent might be clearly inferred from the character of the weapon used; and if the alleged attempt had been consummated in the death of Foster, the prisoner would have been guilty of murder, although he entertained no malice as to him. This principle, however, is applicable only to cases where one felony is contemplated, and another committed. But the offence of which the prisoner stands convicted, is, we apprehend, no felony by the laws of this state. If, however, the offence here charged be in fact a felony, nevertheless this rule does not apply; for an essential ingredient of the offence created by the section of the statute above quoted, and charged in the indictment, is the specific intention of killing the person shot at. In the case of Jones v. The State of Mississippi, 11 S. & M. 317, this court expressly recognizes this construction of the act. They say this statute “ specifies the intent to kill the person shot at as one of the intents made essential to constitute the offence.” The same construction has been given by the English courts to the statute of 9 Geo. 4, ch. 31, sec. 11 and 12, which is similar to our own ; (Rex v. Holt, 7 Carr. & Payne, 518:) and we hold it to be correct.
If, then, the specific intention of killing the particular person alleged to have been shot at be “an essential ingredient of the offence charged in the indictment,” proof of a general felonious or malicious intention was not sufficient. It was incumbent on the state to prove the specific intent as charged. 2 Stark. Ev. p. 416, note S, 5th Am. Ed.; 7 Carr. & Payne, 518. The charge requested by the prisoner’s counsel was correct, and the court erred in refusing it.
An exception is taken to the decision of the court below, on the motion in arrest of judgment. But on looking into the indictment, we do not think it obnoxious to the objections insisted on by counsel. It is true that it is very inartificially drawn, and somewhat obscure. In substance, however, we deem it sufficient. But for the error above pointed out^ we reverse the judgment of the court below, and award a new trial in the circuit court of Lawrence county.