## H. T. BARCUS* *v.* THE STATE.

SHOOTING WITH INTENT TO KILL—A man is presumed to intend that which he does, or which is the natural and necessary consequence of his act, and that malice may be presumed from the character of the weapon used, yet these presumptions may be rebutted by the facts and circumstances in the case. And where B. shot at C. with intent to kill, missed him and shot M. the indictment is not good when it charges that B. shot M. with intent to kill, the intent being to kill C.

Error to the circuit court of Warren county.   Hon. GEO. F. BROWN, Judge.

The plaintiff in error was indicted at the March term, 1872, of the Warren county circuit court, for shooting with intent to kill and murder one Sandy Mitchell. He was arraigned and put upon his trial, and the proof shows that he shot at Henry Creighton with intent, as he declared, to kill Creighton and not Mitchell.

The jury found him guilty as charged in the indictment. A motion for a new trial was made, and overruled by the court, and plaintiff in error prosecuted a writ of error to this court and asks for a reversal.

*Brien* & *Spears* for plaintiff in error, filed an elaborate brief.

*J. S. Morris*, Attorney General for the State. See Rev. Code. 1871, § 2477. 1 Bish. Crim. Law, (5 ed. 1872.) § 547 and 553.

TARBELL, J., delivered the opinion of the court:

At the last March term of the circuit court of Warren county the plaintiff in error was indicted, tried and convicted on a charge of shooting at Sandy Mitchell with intent to kill. From the judgment against him the accused prosecuted a writ of

*NOTE.—We find the name of the accused differently spelled in this record, viz : Barcus and Barkus.   TARBELL.

error, and asks here a reversal of that judgment upon several grounds not essential to repeat or discuss. Upon the trial the right of the city police to arrest vagrants, without warrant, was made a prominent point, and is again pressed in the argument in this court, but we do not think that question involved, at present. There is a fatal error, however, in this case, and it is this: There is no evidence that the accused shot at Sandy Mitchell. The proof is, that he shot at Henry Creighton, and, according to his own declarations, subsequent to the shooting, intended to kill him. Upon this point there is no conflict in the evidence. It is positive, and uncontradicted, that he shot at Henry Creighton, accidentally hitting Sandy Mitchell, an innocent by-stander. The verdict is wholly unsupported by the evidence. It is true, that the jury, in response to the instruction for the State have found, in substance, that the accused shot at Sandy Mitchell, with the intent to kill and murder him; but the verdict must have been through some misapprehension of law or fact. There is no doubt of the rule, that a man shall be presumed to intend that which he does, or which is the natural and necessary consequence of his act; and that malice, in this class of cases, may be presumed from the character of the weapon used. If the evidence in the case at bar was limited to the mere fact of shooting and the striking of Mitchell as the result of the shot, or if the evidence as to the person intended to be killed, was conflicting, we might accept the verdict as conclusive; but the record before us leaves no question or doubt. Indeed, it is conclusive, that Creighton, and not Mitchell, was the person aimed at and designed to hit. To sustain the indictment in this case, it was incumbent on the part of the State to prove that the accused shot at and intended to kill Mitchell, whereas the proof is, that he shot at Creighton with the intent to kill him. The essential averments of the indictment are, therefore, not only not sustained, but absolutely negatived. It follows, that the indictment should have charged the shooting to have been at Creighton,

and the result is, the judgment must be reversed, and the indictment quashed, but the accused can not be set at liberty. He will be detained in custody to await a trial under another indictment, to be drawn as herein indicated. 13 S. & M. 242; 11 ib., 317; 24 Miss. 54; Code, § 2497.

Judgment reversed, and cause remanded, with a recommendation to the District Attorney to quash this indictment, and instructions to the proper authorites to detain the accused, subject to the action of the circuit court of Warren county.