VESTER GENTRY v. STATE OF MISSISSIPPI.

[45 South., 721.]

1. CRIMINAL LAW AND PROCEDURE. *Shooting into crowd. Assault with intent to murder. Indictment. Evidence. Instruction.*

   Where the accused was indicted for an assault with intent to kill and murder a designated person and the evidence showed that he shot into a wagon occupied by said person and several others, it was error to instruct the jury that proof of a design to kill the designated person was unnecessary to a conviction.

2. SAME.

   Suggestion touching the form of an indictment in such case.

FROM the circuit court of Smith county.

HON. ROBERT L. BULLARD, Judge.

Gentry, appellant, was indicted and tried for an assault with a deadly weapon with intent to murder one Dale, was convicted and sentenced to the penitentiary for three years, and appealed to the supreme court.

The facts are sufficiently stated in the opinion.

*W. H. Hughes,* for appellant.

The evidence for the state shows that the appellant recklessly shot into a wagon having in it eleven persons who were passing appellant's home. No motive for the shooting was shown. The occupants of the wagon were acquainted with appellant, and no ill-feelings had existed between them and appellant.

Since it is essential, as held by this court in *Jones* v. *State,* 11 Smed. & M., 315, that the indictment must charge an intent to kill some particular person, it follows that the intent as laid in the indictment must be proved. *Morgan* v. *State,* 13 Smed. & M., 242; *Hibbler* v. *State,* 87 Miss., 362. These authorities show clearly that the court below erred in granting the second instruction for the state, which, in effect told the jury that, even though no premeditated design existed in appellant's mind to

murder either Dale or any one else, yet, if they believed the facts shown, appellant must be found to be guilty.

*May, Flowers & Whitfield,* on the same side.

The indictment against appellant was drawn under Code 1906, § 1043. Citations under this code section state the general rule that on the trial of one indicted under the statute it is necessary for the state to prove the intent as laid in the indictment. For instance, if the accused be indicted for an assault with intent to kill a particular person, the charge will not be sustained by proof that he intended to kill another person but accidentally wounded the person named in the indictment. *Morgan* v. *State,* 13 Smed. & M., 242; *Jones* v. *State,* 11 Smed. & M., 317; *Barcus* v. *State,* 49 Miss., 17.

No specific intent was shown on appellant's part to kill Dale. The evidence shows that appellant was simply guilty of recklessly shooting, without intent to kill any one.

In the case of *Morman* v. *State,* 24 Miss., 54, this court, having a case in effect similar to the one at bar and a similar statute under consideration, said: "in this state it has been held, under this statute, where the prisoner was indicted for shooting with intent to kill A., that he could not be convicted by proof of shooting with intent to kill B." This opinion cites *Morgan* v. *State, supra.*

Under the facts disclosed in evidence the appellant might properly have been indicted for an assault, but in view of the facts and of the failure of the indictment to allege that appellant, in shooting into the wagon, feloniously intended to kill some one or more of the occupants, not caring whom, and in fact shot Dale, the judgment of the court below should be reversed and the cause remanded.

*George Butler,* assistant attorney-general, for appellee.

While it was necessary, to sustain conviction in this case, for the state to prove an intent on the part of appellant to kill Dale,

yet the method of showing this could be either by showing special malice on appellant's part toward Dale followed by proof of the shooting, or it could be, as it really was, by showing that appellant fired his shot-gun, without provocation, indiscriminately into the crowd, of which Dale was a part, with intent on appellant's part to kill some one in the crowd.

If appellant had been charged, in one indictment, with intent to murder each individual in the crowded wagon, would not the proof have sustained the indictment? His indiscriminately shooting, without cause, at the occupants of the wagon was, in contemplation of law, an assault upon each and every individual in the wagon. 2 Cyc., 786; *Commonwealth* v. *McLaughlin,* 12 Cush. (Mass.), 615.

In the case of *Jennings* v. *United States,* 53 S. W., 456, the defendant was charged with assault with intent to murder one of a posse into which he had fired his weapon. There was no proof that he bore malice against any particular member of the posse, but (as in the case at bar) evidently bore malice generally against the whole party of men composing the posse. The court there said, quoting Wharton's Criminal Law, Vol. I, p. 608, "The firing into a body of men indiscriminately, with the intention of killing one, not knowing nor caring which, is an assault with intent to kill upon each and all. In such a case the specific intent to kill is present, and the intention to kill whoever may be reached by the missile, includes all and any who may be present. The one is as much the object of his malicious intent as the other, and in such case it is no defense to the indictment that he had not selected any particular one to kill. Recklessly shooting into a crowd in an assault on several indiscriminately is an assault on each individual." Other cases announcing this doctrine laid down by Wharton, are *Rex* v. *Bailey,* R. & R., 1; *Christian* v. *State,* 62 S. W. (Tex.), 422; *Walker* v. *State,* 8 Ind., 290; *State* v. *Gilmore,* 31 Am. St. Rep. (Me.), 275; *Perry* v. *People,* 14 Ill., 476.

It is insisted by learned counsel for appellant that the above

view is in direct conflict with the decisions of this court in *Morgan* v. *State,* 21 Miss., 242, and *Barcus* v. *State,* 49 Miss., 17. Their contention, however, rest upon a misconception of those cases. In the *Morgan case, supra,* it was admitted that the defendant shot at one, Loftin, with intent to kill him, but accidentally hit and injured another person, Foster, and he was charged with an assault on Foster. The defendant requested an instruction to the jury that the intent must be proven as laid down in the indictment, and this instruction was refused, and, of course, the judgment of the trial court, after defendant's conviction, was properly reversed. Practically the same state of affairs existed in the *Barcus case, supra,* the defendant being indicted for shooting at one Mitchell, while the evidence showed conclusively that he shot at, and intended to kill, one Creighton. In the case now at bar the appellant, Gentry, stands indicted for shooting at Dale with intent to kill him. But the testimony shows that he bore no more malice against Dale than against the other occupants of the wagon; that he intended to kill Dale or any or all whom his leaden missiles might strike. If the proof had shown that he intended to kill some other specified person in the wagon at the time of the shooting, then, in such case, the charge could not be sustained. But whom did he intend to kill? Evidently whomsoever he might happen to hit.

The assault was upon the whole party of persons in the wagon, and upon each and all of the individuals composing such party; and, indulging in the presumption of law that the consequences of one's acts are intended, the assault was committed with intent on appellant's part to murder the whole party and each individual thereof. The reasoning of this court in *McGehee* v. *State,* 62 Miss., 772, clearly supports the state's contention in this case. See also *Patterson* v. *State,* 26 South. (Fla.), 709.

Argued orally by *W. H. Hughes* and *A. H. Whitfield, Jr.,* for appellant, and by *George Butler,* assistant attorney-general, for appellee

MAYES, J., delivered the opinion of the court.

The appellant was charged with an assault on R. H. Dale with a shotgun, with intent to kill and murder the said Dale. The court gave the following instruction for the state: Instruction No. 2: "The court charges the jury further, for the state, that if from the evidence they believe beyond a reasonable doubt that the defendant shot at Dale at the time and place mentioned in the indictment, in such a manner as would evince a depraved heart, regardless of human life, then the jury should return a verdict: 'We, the jury, find the defendant guilty of an assault with intent to kill and murder'— even though there may not have been a premeditated design to kill and murder the said Dale, or any particular individual." The learned assistant attorney-general, in a very able brief, endeavors to vindicate this charge upon the facts of the case and the general principle of law applicable to such facts. The facts in the case are simply that the appellant fired a double-barreled shotgun into a wagon filled with persons going to a picnic, and shot Dale. There is nothing to show any more reason or motive for shooting Dale, than anybody else; nor is there any testimony to show any specific purpose to shoot Dale, or any other particular person; but the testimony shows that he so fired into the crowded wagon with utter recklessness and unconcern and disregard of human life, not caring whom he might kill, though not seeking to kill one, rather than another. It is, of course, a well-known general principle that if one fires into a crowd of persons with a spirit of malignity and utter recklessness of human life, and kills any one in the crowd, he is guilty of murder, because of the recklessness and willfulness and malignity of the shooting generally; but this is not an indictment along that line. This is a particular indictment for an assault upon Dale with a double-barreled shotgun, with intent to kill and murder the said Dale. There can be no conviction under such an indictment as this, unless the specific intent to kill and murder the person assaulted and named in the indictment as assaulted is shown by the testimony.

The learned assistant attorney-general does not controvert this proposition, but seeks to meet the difficulty in this way: He quotes from 1 Wharton's Crim. Law, p. 608, the following passage: "The firing into a body of men indiscriminately, with the intention of killing one, not knowing nor caring which, is an assault with intent to kill upon each and all. In such a case the specific intent to kill is present, and the intention to kill whoever may be reached by the missile includes all and any who may be present. The one is as much the object of his malicious intent as the other, and in such case it is no defense to the indictment that he had not selected any particular one to kill. Recklessly shooting into a crowd in an assault on several indiscriminately is an assault on each individual." This is true enough, and if the court had limited its charge to the announcement of this principle we would unhesitatingly affirm the judgment. The argument is, and the principle is, that there must be, there must exist in the testimony, evidence that the defendant did intend to kill and murder the specific person named in the indictment; but this specific intent is furnished by the legal presumption, which is evidence, that one who so shoots recklessly into a crowd intends to kill and murder all, and per consequence any one of all. In other words, the specific intent to kill the person named in the indictment is worked out through this legal presumption. It must exist. This specific intent to kill the very person named in the indictment must be shown by evidence; but the evidence shows such intent when it shows this recklessly shooting into a crowd, which the law says shall mean an intent to kill all, and hence to kill any particular one. There is no relaxation of the principle, fundamental in every such indictment as this, that the testimony, whatever that testimony may be—the legal presumption, or the testimony of witnesses— must show the specific intent to kill the very person named, which must be established beyond all reasonable doubt. The extract from Wharton simply shows a mode of proving this, to wit, by a resort to the legal presumption above indicated; and if

charge No. 2 in this case had stopped with the words, "with intent to kill and murder," it would have been correct.

It will be noted that the charge expressly states in the first part of it that the jury must believe beyond a reasonable doubt that the defendant shot at Dale. It then concludes that, if they believe defendant shot at Dale in this reckless manner, they shall find him guilty of assault with intent to kill and murder, even though there may not have been a premeditated design to kill and murder the said Dale. In other words, in the concluding clause of the instruction the court distinctly tells the jury that it was not necessary to show that there was a design to kill and murder the said Dale. This was clearly fatal error. The very essence and soul of this indictment is the intent to kill and murder the very person named, Dale. That intent must exist. True, that intent may be sufficiently shown in a case of recklessly shooting by resort to the mere legal presumption that one so shooting intends to kill all, and so to kill any one in the crowd. None the less, the intent must be shown, and to charge the jury that the specific intent to kill and murder the said Dale need not exist at all is, of course, manifest error. What emphasizes the error and makes it more plain is the fact that the jury returned actually the following verdict: "We, the jury, find the defendant guilty of an assault with intent to kill and murder as charged in the indictment, or as instructed in No. 2, and recommend to the court the lightest punishment."

If the indictment had been drawn as it should have been, there would have been no legal question in this case. It should have charged that he shot into a wagon wherein were Dale and divers other persons, with the felonious intent of killing some one or more of the occupants, not caring which, and in fact shot Dale.

*Reversed and remanded.*