Ross *v.* State.

(In Banc.  Dec. 8, 1930.)

[131 So. 367.  No. 29151.]

Lamar Watson, of Greenville, for appellant.

828

**Wm. A. Shipman**, Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

The appellant was indicted and convicted in the circuit court of Washington county of the murder of Rosie Lee Dixon, and sentenced to be hanged. From that judgment the appellant prosecutes an appeal here.

The errors assigned and argued by appellant are resolvable into two grounds: (1) That he was indicted for the murder of Rosie Lee Dixon, when the evidence showed, without conflict, that he shot with intent to kill Charlie Cooper and not Rosie Lee Dixon, and that therefore the court should have directed a verdict of not guilty; and (2) that the judgment of the court should be reversed and a new trial granted, because the court erred in admitting in evidence the appellant's confession while in jail.

There is no real conflict in the evidence as to the material facts in the case. Ill will existed between the appellant and one Charlie Cooper. Shortly before the homicide, Charlie Cooper had assaulted and threatened to kill

the appellant. About eight o'clock on the night of the homicide, the appellant loaded his shotgun with shells containing birdshot and buckshot, and then went across a field and railroad track to a building described as a barn or implement shed, where he concealed himself, lying in wait about an hour and a half for Charlie Cooper, the negro who had assaulted and threatened his life. Charlie Cooper, accompanied by Rosie Lee Dixon, came along the road near where the appellant was concealed. As they were passing by the barn or shed where the appellant was in hiding, the latter fired the double barreled shotgun, killing Rosie Lee Dixon and seriously wounding Charlie Cooper. The appellant immediately thereafter went to his home and went to bed, and was arrested within an hour afterwards by officers who found him in bed, and was placed in jail, and on the following afternoon made a statement to the county prosecuting attorney, in the presence of some deputy sheriffs, in which he confessed that he intended to shoot and kill Charlie Cooper who had threatened his life, that he did not intend to kill Rosie Lee Dixon, and that the killing of her was accidental.

On the trial the appellant testified as a witness in his own behalf, in substance, that he did not shoot at Rosie Lee Dixon; that he shot at Charlie Cooper who had cut him with a knife, and threatened his life; that, at the time he fired the shot, he walked out from beneath the shed and asked Charlie Cooper "was he going to kill me, and he reached back after his pistol;" that at that time the deceased, Rosie Lee Dixon, was in front of Charlie Cooper, and "I throwed down on him and backed under the shed and made another quick shot and run."

1. As above stated, the appellant was indicted for the murder of Rosie Lee Dixon. The evidence showed, without conflict, as contended by the appellant, that, when he shot, it was with the purpose of killing Charlie Cooper

and not Rosie Lee Dixon, and that therefore the killing of the latter was accidental. The appellant's position is that the state failed to prove a material allegation of the indictment, that the appellant "unlawfully, wilfully, feloniously and of his malice aforethought did . . . kill and murder one Rosie Lee Dixon, a human being," etc. To sustain that contention the appellant relies on Morgan v. State, 13 Smedes & M. 242; Jones v. State, 11 Smedes & M. 317; Barcus v. State, 49 Miss. 17, 19 Am. Rep. 1; Morman v. State, 24 Miss. 54; and Gentry v. State, 92 Miss. 143, 45 So. 721. None of these cases is in point. They were all concerned with the statutory felony of assault and battery with intent to kill and murder. Section 1043, Code 1906, section 787, Code 1930. There was no such common-law felony as assault and battery with intent to kill and murder. At common law, an assault and battery was a misdemeanor, regardless of the intent with which it was committed. Those cases hold that, where a defendant is indicted for assault and battery with intent to kill and murder a particular person named in the indictment, the defendant cannot be convicted, if the evidence shows the assault and battery was committed by the defendant in an attempt to kill and murder another and different person from that named in the indictment. In other words, the specific intent must be proven as alleged. This is true because the intent with which the assault and battery is committed is the element that raises the offense from a misdemeanor to a felony. It is the gist of the offense.

Our statute defining murder is a complete answer to the appellant's contention. Section 1227, Code 1906, section 985, Code 1930. The statute provides that the killing of a human being without authority of law, by any means, or in any manner, shall be murder in the following cases: "(a) When done with deliberate design to effect the death of the person killed, *or of any human being.*" (Italics ours.)

The appellant, a witness in his own behalf, testified that he fired the shots, one or both of which caused the death of Rosie Lee Dixon, with the deliberate design to effect the death of Charlie Cooper, a human being. Both under our statute and the common law, where there is express malice and an intent to kill, the accidental killing of a person other than the one intended is murder. In such a case the malicious intent of the unlawful act directed toward one person is transferred to the other person and characterizes the result. Wharton on Homicides, page 3, section 2, page 576, sections 359 and 360.

2. Even though the appellant's confession to the county prosecuting attorney and the sheriff's deputies was not voluntary, its admission in evidence was without any harm whatever to the appellant, because he testified as a witness in his own behalf, and his evidence, in substance amounted to a plea of guilty of murder as charged. His testimony, of course, was voluntary. He admitted that he waylaid Charlie Cooper in the nighttime, and, as Cooper and the deceased, Rosie Lee Dixon, were passing the place where the appellant was concealed, the appellant accosted Charlie Cooper and asked him, in substance, if he intended to carry out his threat to kill the appellant, and that thereupon Cooper made a motion as if to draw a weapon, when the appellant shot twice at Charlie Cooper and accidentally shot and killed Rosie Lee Dixon.

The appellant, by his admissions on the witness stand, was estopped from setting up self-defense. He armed himself with a deadly weapon with the deliberate design of waylaying Charlie Cooper and taking his life, because the latter had threatened the appellant's life. By so doing the appellant was cut off from the right of self-defense, unless he had abandoned such deliberate design at the time of the homicide, and his own testimony shows that he had not. Cotton v. State, 135 Miss. 792, 100 So.

383; Ex parte Wray, 30 Miss. 673; Thomas v. State, 61 Miss. 60; Hunt v. State, 72 Miss. 413, 16 So. 753; Fore v. State, 75 Miss. 727, 23 So. 710.

The judgment will be affirmed, and January 16, 1931, fixed as the day for execution.

Affirmed.