## Faulkner *v.* State.

(Division B.  April 30, 1934.)

[154 So. 338.  No. 31162.]

**Carmon E. Valentine,** of Cleveland, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

Appellant was convicted under an indictment which charged him with assault and battery with intent to kill and murder J. C. Carpenter; and he appeals, assigning as one of his grounds therefor that the proof, admitting all that the state's evidence substantially shows, is that appellant did not make the assault and battery with the specified intent to kill and murder J. C. Carpenter, but that the intent was either to shoot a third person, or that he shot to frighten away the third person mentioned who, as he claims, was about to make an assault on him, or that in doing so he negligently or recklessly shot into a street crowded with numerous persons within range.

In Morgan v. State, 13 Smedes & M. 242, and in other cases cited in Ross v. State, 158 Miss. 827, 831, 131 So. 367, it was held that, in a prosecution under the statute for assault and battery with intent to kill and murder, and under an indictment charging intent to kill a particular person, the proof must show the specific intent to kill the particular person named in the indictment, and that proof of intention to kill a third person or that accused shot into a crowd with intent to kill some person or persons therein, but not with the specific intent to kill the particular person named, is not sufficient. The specific intent must be proved as alleged. In McGehee v. State, 62 Miss. 772, 52 Am. Rep. 209, it was held that, if the evidence showed beyond a reasonable doubt that the accused intended to kill the particular person injured, that the blows fell exactly upon the particular person for whom they were then and there specifically intended, the offense is proved, although the accused was mistaken as to the identity of the person attacked. Gentry v. State, 92 Miss. 141, 45 So. 721, is perhaps broader in its discussion of the subject than any other of our cases, but it vigorously reaffirms the rule as first above stated when the indictment is drawn as in the case here before us.

It is to be particularly noted that we are not here considering a case or a conviction of assault and battery, Malone v. State, 77 Miss. 812, 26 So. 968, but the statutory offense of assault and battery with intent to kill and murder.

This record is destitute of any testimony upon which any fair or reasonable inference can be drawn that the accused had any specific intent to shoot Mr. Carpenter, or to shoot Mr. Carpenter mistaking him for another person, or that he shot into a group or in that direction with the specific intent to kill any and all—everybody within range. It is true that two out of the numerous witnesses stated that accused shot at Mr. Carpenter, but on cross-examination it was definitely developed that this was a mere conclusion on the part of these two witnesses based upon the fact that the weapon was at the particular instant pointed in that direction and one of the bullets struck Mr. Carpenter somewhere below the knee. Several shots were fired, and the overwhelming weight of the evidence is that all of them were intended for and were directed either at some other parties with whom the accused was having a difficulty or were fired in their general direction to frighten them away, or else that the accused was simply firing towards a number of people without design to kill any and all who were within range, but without proper regard as to the safety of those who might happen to be hit. It is shown without dispute that Mr. Carpenter was not even acquainted with the accused, had had and was taking no part whatever in the difficulty, and had no occasion to do so; that the accused had no sort of reason or motive to make an assault on him, and did not know that Mr. Carpenter was within the range of fire. The overwhelming proof is that the injury to Mr. Carpenter was purely accidental so far as he was concerned, was without any specific intent directed to him either as a particular individual or as one of a particular group towards all and every one of whom an intent to kill

was directed; in fact, as already said, there is no substantial proof or reasonable inference to the contrary.

Mr. Carpenter was simply an innocent and nonparticipating bystanders who happened to be on the outside of a circle within which there were numbers of people, some of whom were involved in a difficulty with the accused, and, if the conclusion or inference by witnesses and jury should be allowed to stand, of a specific intent to kill Mr. Carpenter based alone on the fact that, when the particular shot was fired, the weapon was pointed towards Mr. Carpenter as well as towards others, and he was hit, then witnesses and jurors will have been permitted to change or alter the law of the land, which is not within their province.

Upon a proper indictment, and upon proper proof relevant to that indictment and within the rules of evidence which appertain to such indictment, it may be that the accused could be convicted of some other offense than that specifically charged here, but the proof cannot be pieced out so as to save the conviction under the present indictment. For the reason stated, appellant will not be discharged, but will be held to answer to some other indictment.

Reversed and remanded.