COLEMAN *v.* STATE.

(Division B. Nov. 1, 1937.)

[176 So. 714. No. 32572.]

**Frank F. Mize,** and **Joe S. Mize,** both of Forest, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney General, for the State.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted in the circuit court of Scott county of the crime of murder of Ezekiel Sharp, was tried and convicted of manslaughter, and sentenced to the penitentiary for a term of ten years. From that judgment she prosecutes this appeal.

· The homicide took place at a card party. There was a quarrel between appellant and Ezekiel Sharp. Appellant procured a pistol from Craig Smith's suitcase, and fired three shots; one of them killed Sharp, and appellant was shot through the hand by another.

The theory of the state was that appellant armed herself with the pistol for the purpose of provoking a difficulty with Sharp, and, if necessary to overcome him, to use it, and therefore, under the law, she was cut off from the right of self defense. The court undertook to embody that theory in the following instruction: "The Court further instructs the jury for the state that if you believe from the evidence in this case beyond reasonable doubt that the defendant, Annie May Coleman, at a time when she was not in any immediate danger, real or apparent, of losing her life or suffering some great bodily harm at the hands of Ezekiel Sharp, armed herself with a deadly weapon and provoked a difficulty with Ezekiel Sharp and engaged in such difficulty in which the said Ezekiel Sharp was killed, then the defendant cannot plead self defense."

The instruction is fatally defective in that there is left out of it appellant's intention in arming herself. The law is that she must have armed herself for the pur·pose of provoking the difficulty and overcoming opposition if necessary. If the purpose to overcome opposition arose after the arming, the right of self defense is not

cut off. Thomas v. State, 61 Miss. 60; Long v. State, 52 Miss. 23; Allen v. State, 66 Miss. 385, 6 So. 242; Helm v. State, 67 Miss. 562, 7 So. 487; Ross v. State, 158 Miss. 827, 131 So. 367. The instruction was calculated to mislead the jury.

Reversed and remanded.