BARNETTE *v.* STATE

No. 43416 April 5, 1965 173 So. 2d 904

*Richardson* & *Faggard,* Pascagoula, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

RODGERS, J.

This is an appeal from a sentence and judgment of the Circuit Court of Jackson County, Mississippi, wherein appellant was convicted of assault and battery with intent to kill and murder Ira G. Hoye. He was sentenced to serve a term of three years in the State Penitentiary. Appellant's motion for a new trial was overruled, and from this sentence and judgment he has appeal to this Court.

The indictment, leaving off the formal parts, is in the following language: "upon their oaths present: That JOHN S. BARNETTE late of the County aforesaid, on the 30th day of August in the year of our Lord, 1963, in the County and State aforesaid, and within the jurisdiction of this Court, wtih a certain deadly weapon, to-wit: a knife in and upon one Ira G. Hoye a human being, unlawfully, wilfully and feloniously, an assault did, then, and there, make, and he, the said John S. Barnette, with the said deadly weapon, unlawfully, wilfully and feloniously, did, then and there, cut and wound the said Ira G. Hoye with the felonious intent, then and there, him, said Ira G. Hoye unlawfully, wilfully, feloniously, and of his, said John S. Barnette's malice aforethought to kill and murder, against the peace and dignity of the State of Mississippi."

This indictment was drawn under Mississippi Code Annotated section 2011 (1956).

The testimony offered on behalf of the State of Mississippi is to the effect that appellant was in an argument with one Joe Gibson near Walter Taylor's cafe a short time after dark. The prosecuting witness, Ira G. Hoye and Charles Windham, walked near appellant. Charles spoke to Joe Gibson and he called out suddenly "Go, Charles, go." Charles saw appellant cut at Joe

Gibson, and Charles Windham dodged. The back of his shirt was cut but the blow passed over Windham and took effect upon the right arm of Ira G. Hoye which severed all of the muscles and caused profuse loss of blood. Defendant, appellant here, denied he cut the prosecuting witness. The prosecuting witness testified, in answer to the question "Do you know whether or not he was cutting at Charles Windham or cutting at you?" — "He wasn't cutting at me, I don't believe. He cut Charles' shirt."

When the testimony was concluded, appellant made a motion for a directed verdict, but did not bring to the attention of the trial court the variance between the indictment and the evidence offered by the State to prove the charge laid in the indictment. In this posture of the case, the State requested and was granted the following instructions:

"The Court instructs the Jury for the State that if you believe from the evidence in this case beyond a reasonable doubt that on the 30th day of August, 1963, in Jackson County, Mississippi, the defendant John S. Barnette, with a certain deadly weapon, to-wit: a knife, in and upon one Joe Edwin Gibson a human being, did unlawfully, wilfully and feloniously then and there make an assault upon the said Joe Edwin Gibson with the said knife with the felonious intent of him, the said John S. Barnette, unlawfully, wilfully and feloniously and of his malice aforethought to kill and murder the said Joe Edwin Gibson and if you further believe from the evidence beyond a reasonable doubt that the said defendant missed the said Joe Edwin Gibson in his attempt to assault the said Joe Edwin Gibson with the knife, and instead struck and cut Ira G. Hoye, a human being, with the said deadly weapon, then if you further believe from the evidence in this case beyond a reasonable doubt, the defendant is guilty as charged and it is your sworn duty to say so by your verdict."

"The Court instructs the jury for the State that malice aforethought mentioned in the Indictment may be presumed from the unlawful and deliberate use of a deadly weapon."

The defendant offered, and was refused an instruction to the jury: "that you must believe beyond a reasonable doubt and to a moral certainty that the defendant had an actual intent to kill and murder Ira G. Hoye, or it is your sworn duty to find the defendant not guilty."

■ ■ Thus it is apparent the court instructed the jury that it was not necessary for the State to prove intent to kill and murder the person named in the indictment. This was error.

■ ■ ■ The ancient rule of criminal law that where one crime is intended and by mistake another committed, the unlawful intent to do one act is transposed to the other, does not apply to the statutory crime of assault and battery with intent to kill and murder here involved.

In the early days of the common law, the English courts recognized the rule that when a defendant was charged with assault and battery with intent to kill and murder, or to do serious bodily injury to a particular person, evidence of an intent to kill and murder a person other than the one named in the indictment was not sufficient to sustain the charge. Regina v. Hewlett, 1 F. & F. 91, 175 Eng. Rep. 640 (1930).

In this State, our Court has been careful to observe this ancient landmark. In the case of Jones v. State, 11 S. & M. 315 (1848), this Court said:

"The objection is, that the intent is not sufficiently averred in this, that the act is not alleged to have been done with the intention of killing the said Mixon or any other person.

"The statute, (H. & H. 698, sec. 33,) quoted above, specifies the intent to kill the person shot at, as one of the intents made essential to constitute the offence. Such being, probably, the main intent in this

case, the indictment should have charged that intent. Rex v. Gillow, Moody, 85; Rex v. Duffin, Russ. & Ry. 365.

"The indictment is uncertain. There is no allegation of an intent to kill any particular person. In Rex v. Holt, 7 Car. & Payne, 518, the indictment, framed under the statute 9 Geo. 4, c. 31, § 11, 12, was for shooting 'at one John Hill, with intent to murder the said John Hill.' The jury found the prisoner guilty of shooting at Mr. Hill with intent to do Mr. Lee some grievous bodily harm. The court ordered a verdict of not guilty to be recorded. To come therefore, within this statute, we think the accused must be charged with having shot at a certain person, with intent to kill that person.

"The indictment is vicious, and the motion in arrest of judgment should have been sustained in the circuit court."

In the case of Morgan v. State, 13 S. & M. 242 (1849), this Court pointed out that where A. is indicted for an assault with intent to kill B., the indictment will not be sustained by proof that A. made the assault with intent to kill C., and accidentally wounded B.

In the case of Gentry v. State, 92 Miss. 141, 45 So. 721 (1908), where an accused shot into a wagon filled with several persons and was indicted for an assault upon only one of them, it was error to instruct the jury that they might convict, without proof of premeditation or design to kill a particular person named in the indictment.

In the case of Barcus v. State, 49 Miss. 17 (1873), this Court pointed out that where B. shot at C. with intent to kill, missed him and shot M., the indictment is not good when it charged that B. shot M., with intent to kill, the intent being to kill C.

In the case of Garner v. State, 227 Miss. 840, 87 So. 2d 80 (1956), this Court differentiated between cases

in Mississippi which hold that the State of Mississippi must designate the name of the person intended to be killed and make proof as laid in the indictment, and the cases of assault with the intent to kill another under a mistaken identity.

The State argues that the principle of transfer of intent in criminal law is applicable to the case at bar, and cites Ross v. State, 158 Miss. 827, 131 So. 367 (1930); Dykes v. State, 232 Miss. 379, 99 So. 2d 602 (1957); and Morgan v. State, 24 So. 2d 744 (Miss. 1946). These cases are all based upon the definition of the crime of murder under the various codes, and which is now Mississippi Code Annotated section 2215 (1956). The pertinent part of this code section is as follows: "The killing of a human being, without the authority of law, by any means or in any manner, shall be murder in the following cases:

"(a) When done with the deliberate design to effect the death of the person killed, *or of any human being.*" (Emphasis supplied.)

The difference between indictments charging murder as to the intent to kill a particular person and indictments charging assault and battery with intent to kill and murder are distinguished in the case of Ross v. State, 158 Miss. 827, 131 So. 367 (1930). In that case the Court said:

"The evidence showed, without conflict, as contended by the appellant, that, when he shot, it was with the purpose of killing Charlie Cooper and not Rosie Lee Dixon, and that therefore the killing of the latter was accidental. The appellant's position is that the state failed to prove a material allegation of the indictment, that the appellant 'unlawfully, wilfully, feloniously and of his malice aforethought did * * * kill and murder one Rosie Lee Dixon, a human being' etc. To sustain that contention the appellant relies on Morgan v. State, 13 Smedes & M. 242; Jones v. State,

11 Smedes & M. 317; Barcus v. State, 49 Miss. 17, 19 Am. Rep. 1; Morman v. State, 24 Miss. 54; and Gentry v. State, 92 Miss. 143, 45 So. 721. None of these cases is in point. They were all concerned with the statutory felony of assault and battery with intent to kill and murder. Section 1043, Code 1906, section 787, Code 1930. There was no such common-law felony as assault and battery with intent to kill and murder. At common law, an assault and battery was a misdemeanor, regardless of the intent with which it was committed. Those cases hold that, where a defendant is indicted for assault and battery with intent to kill and murder a particular person named in the indictment, the defendant cannot be convicted, if the evidence shows the assault and battery was committed by the defendant in an attempt to kill and murder another and different person from that named in the indictment. In other words, the specific intent must be proven as alleged. This is true because the intent with which the assault and battery is committed is the element that raises the offense from a misdemeanor to a felony. It is the gist of the offense.

"Our statute defining murder is a complete answer to the appellant's contention. Section 1227, Code 1906, section 985, Code 1930. The statute provides that the killing of a human being without authority of law, by any means, or in any manner, shall be murder in the following cases: '(a) When done with deliberate design to effect the death of the person killed, *or of any human being.*' "

In the case of Faulkner v. State, 170 Miss. 195, 154 So. 338 (1934), we reviewed the cases theretofore passed upon by this Court on the question of specific intent to kill the particular person named in the indictment and said:

". . . under an indictment charging intent to kill a particular person, the proof must show the specific

intent to kill the particular person named in the indictment, and that proof of intention to kill a third person or that accused shot into a crowd with intent to kill some person or persons therein, but not with the specific intent to kill the particular person named, is not sufficient."

We have reached the conclusion from the authorities in this State, that the trial court should have granted the appellant a new trial because of the erroneous instructions. Since, however, the testimony does not show that appellant intended to kill and murder the prosecuting witness, a conviction based upon evidence showing intent to kill some other person not named in the indictment cannot be affirmed. On the other hand, if the State had not obtained the foregoing erroneous instructions, and the defendant had been given an instruction requiring the State to prove the intent to kill the prosecuting witness as laid in the indictment, the issue could have been submitted to the jury, as to whether or not the State had proven the charge, including the identity of the person intended to be killed. The case must be reversed and remanded for a new trial, so that the State may proceed to try the issue of identity of the person intended to be killed as laid in the indictment, or the State may present a new indictment showing "with the intent to kill and murder Joe Gibson", or may amend the present indictment to conform to the proof. See Miss. Code Anno. § 2532 (1956).

 ██ Since the case must be retried and in order to avoid further error, we also point out that the instruction on malice should not have been granted to the State. Hydrick v. State, 246 Miss. 448, 150 So. 2d 423 (1963); Shields v. State, 244 Miss. 543, 144 So. 2d 786 (1962); Bridges v. State, 197 Miss. 527, 19 So. 2d 738 (1944).

Reversed and remanded for further proceedings in the trial court, not inconsistent with the above opinion.

*Kyle, P. J., and Ethridge, Gillespie and Patterson, JJ.,* concur.