230 So.2d 810 (1970)
Robert JOHNSON and Christle Johnson
v.
STATE of Mississippi.
No. 45586.
Supreme Court of Mississippi.
January 26, 1970.
Jack B. Carlisle, Ackerman, Noel W. Buckley, Jackson, for appellants.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and Velia Mayer, Special Asst. Atty. Gen., Jackson, for appellee.
*811 SMITH, Justice.
Robert Johnson and Christie Johnson, his brother, were indicted, with one Patridge, for assault and battery upon Bennie Ray, Town Marshall for the City of Eupora, with intent to kill and murder him. Mississippi Code 1942 Annotated section 2011 (1956). Patridge obtained a severance and appellants were tried together. They were convicted and sentenced to serve a term of four years in the penitentiary.
Appellants argue that the evidence was insufficient to sustain their conviction of the crime charged, particularly as to the essential element of intent on their part to kill Ray. The indictment charged that they,
[W]ith a certain deadly weapon, to-wit, a shoe clad foot, in and upon one Bennie Ray, a human being, unlawfully, wilfully, and feloniously, an assault did, then and there, make, and them, the said Robert Johnson, Christie Johnson and Oscar Patridge, with said deadly weapon, unlawfully, wilfully and feloniously, did, then and there repeatedly kick the said Bennie Ray in the head with shoe clad feet, with the felonious intent, then and there, them, the said Robert Johnson, Christie Johnson and Oscar Patridge, unlawfully, wilfully, feloniously and of their malice aforethought to kill and murder, (Ray)
There is some divergence of authority as to whether a "shoe clad foot" is or is not a deadly weapon. See Annot., 33 A.L.R. 1186 (1924). Obviously, in itself, a "shoe clad foot" is not a deadly weapon in the conventional sense. Whether it is, in a given case, a means or force likely to produce death, within the meaning of the statute, is a matter for the determination of the jury, in the light of evidence as to how and in what manner it is employed.
The evidence in the case now before us was sharply conflicting in most of its material aspects. Accepting that as true which favored the State's theory, it tended to show that appellants committed an unjustified attack upon Ray, and was sufficient to warrant an inference by the jury that, in so doing, it was their intention to kill him.
*812 The crime charged against appellants was one of the several felonies categorized under Mississippi Code 1942 Annotated section 2011 (1956) dealing with assault and battery. This section proscribes as a felony assault and battery in certain cases, including those cases wherein it is committed with an intent to murder, or (the statute provides in the disjunctive), when committed with an intent to maim, ravish or rob another.
The statute supplements the common law.
There was no such common-law felony as assault and battery with intent to kill and murder. At common law, an assault and battery was a misdemeanor, regardless of the intent with which it was committed. Barnette v. State, 252 Miss. 652, 660, 173 So.2d 904, 907 (1965).
In Hydrick v. State, 246 Miss. 448, 452, 150 So.2d 423, 425 (1963) it was said:
Where a crime consists of an act, combined with a specific intent, the intent is just as much an element of the crime as the act. In such cases, mere general malice or criminal intent is insufficient, and the requisite, specific intent must be shown as a matter of fact, either by direct or circumstantial evidence. See 22 C.J.S. Criminal Law § 32, p. 117; Simpson v. State, 81 Fla. 292, 87 So. 920 (Fla. 1921). (Emphasis added).
To the same effect see 6 C.J.S. Assault and Battery § 63 (1937).
Where the crime charged under a statute is assault with a specific intent, there can be a conviction only on a showing of both the assault and the intent specified, both being material elements of the crime. (emphasis added).
The evidence showed without dispute that neither of the appellants employed any conventional weapon in the fight with Ray but used their hands and feet only. Ray's injuries consisted mainly of a shattered nose, cut lip and a dislodged tooth. In this state of the record the prosecution requested, and the court granted, an instruction telling the jury that it might convict appellants if it should find that they committed an assault and battery upon Ray "by use of means or force likely to produce death, with the intent to maim or kill and murder" him.
The granting of this instruction was error. It was particularly prejudicial in view of the fact that upon the question of the essential element of intent to murder the evidence was far from conclusive.
There was a factual issue as to whether appellants, in assaulting Ray, had any intention of killing him. They had not been indicted for attacking him with an "intent to maim," nor with an intent to rob or commit any of the other crimes set out in the statute. An assault and battery with intent to maim is not a constituent offense of assault and battery with intent to murder. The prejudicial effect of the instruction, under the circumstances, was enhanced by testimony as to the facial injuries sustained by Ray. Under this instruction, the jury, in finding appellants guilty, might not unreasonably have coupled a factual finding that appellants had no intention whatever of killing Ray, but did intend to maim him.
For the granting of this instruction, under the facts of this case, the conviction must be reversed and the case remanded for another trial.
Reversed and remanded.
ETHRIDGE, C.J., and PATTERSON, INZER and ROBERTSON, JJ., concur.