257 So.2d 505 (1972)
William A. ROBERSON
v.
STATE of Mississippi.
No. 46658.
Supreme Court of Mississippi.
January 31, 1972.
*506 J.W. Kellum, Sumner, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Special Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
The appellant William A. Roberson was indicted for the crime of murder by the Grand Jury of Quitman County, Mississippi. He was tried and convicted of manslaughter for the wrongful killing of Otis Bailey, Jr. He has appealed to this Court and now contends that the trial court committed reversible error in failing to grant a directed verdict or a peremptory instruction in favor of the defendant; or in alternative the trial court was in error in granting certain instructions for the state and having refused other instructions for the defendant. He also complains that the district attorney was permitted to curry favor with the jury.
There is very little dispute as to the facts in this case. Leaving aside the testimony of the State as to certain confessions made by the parties involved, the defendant testified that after having gone to several places he met up with one Ed Green and he went with Green and others to one Jenkins' place. They arrived about 10:00 or 10:30. He engaged in several games of pool. An argument arose between two companions of the defendant and two persons engaged in playing pool. A fight ensured. Someone hit the defendant on the head with a quart beer bottle and another person hit defendant with a cue stick. A shotgun fired, and the defendant escaped through the door. The defendant and his friends got in a car and went to the defendant's house and got his .22 pistol. They then proceeded to a point where they saw some other friends in the act of repairing a tire and obtained a.38 pistol from them. The defendant and his friends then returned to Jenkins' place and shot at the house. Defendant testified that he shot at the top of the house. He said he did not shoot Otis Bailey, Jr.
A witness, Ollie Eckles, was standing by Otis Bailey, Jr. in front of Jenkins' place at the time when defendant and his companions passed in a "light colored car" and fired toward the Jenkins building. Otis Bailey said he had been hit. He "began to kind of slump." The witness and others rushed Bailey to the hospital. The deceased died of an internal hemorrhage resulting *507 from the bullet wound. A pathologist recovered the bullet, and it was later identified as a .22 caliber bullet. A witness from the crime laboratory testified that he could not identify the bullet taken from the body of the deceased as having been fired from the defendant's .22 pistol, but did testify that the bullets taken from the building and the bullet taken from the body of the deceased were made by the same manufacturer.
With the foregoing testimony before the Court, the trial judge had no alternative other than to submit the issue of guilt to the jury, and he committed no error in permitting the jury to determine the issue.
We have repeatedly pointed out that the trial judge in passing upon a motion for a directed verdict, or a peremptory instruction, must assume that all the evidence for the State is true, and must assume that all the reasonable inferences that may be drawn from the evidence by the jury of reasonable men, is true, and if, from all the testimony, there is enough in the record to support a verdict, the motion for a peremptory instruction should be overruled. Redwine v. State, 149 Miss. 741, 115 So. 889 (1928).
This rule does not, however, preclude the judge from considering all the testimony for the State and defendant on a motion for a new trial upon the ground that the verdict of the jury is against the weight of the evidence. McLendon v. State, 187 Miss. 247, 191 So. 821 (1939).
The appellant has cited Gentry v. State, 92 Miss. 141, 45 So. 721 (1908) where a defendant shot into a wagon in which several individuals were passengers. Appellant argues that Gentry required the State to prove intent under the wording of the indictment in the instant case. The appellant's theory is that, although he recklessly shot at and into a house known to be occupied by human beings, there is no proof that he intended to kill Otis Bailey, Jr. This argument would have merit if the defendant were charged with assault and battery with intent to kill and murder. Hydrick v. State, 246 Miss. 448, 150 So.2d 423 (1963). The indictment here under review is not an indictment charging assault and battery with intent to kill and murder; it is, rather, a murder charge. We attempted to point out the difference between the two charges with reference to proof of intent in the case of Talbert v. State, 172 Miss. 243, 159 So. 549 (1935). In that case the defendant shot into a truck loaded with twenty-two persons. He killed one Jessie Lewis. This Court in passing upon the same issue raised here said:
"... Assault, or an assault and battery with intent to kill and murder, is a statutory crime not recognized at the common law, and intent is the gist of the offense, and those cases have no application to a charge of murder preferred in an indictment based upon and conforming to the statute. This court has held in Ross v. State, 158 Miss. 827, 131 So. 367, that the holding of the court in the Gentry case has no application to an indictment for the crime of murder, when the intent is as to the person killed or any human being." 172 Miss. at 251, 159 So. at 551.
The State's jury Instruction No. 3 complained of by appellant defining murder was properly given by the Court because it embodies the definition of murder set out in Section 2215(b), Mississippi Code 1942 Annotated (1956) and is applicable to the facts in the case at bar. See Bass v. State, 54 So.2d 259 (Miss. 1951).
We are also of the opinion that the instruction given the State defining manslaughter by culpable negligence was proper under the facts in this case. Section 2232, Mississippi Code 1942 Annotated (1956) is as follows:
"Every other killing of a human being, by the act, procurement, or culpable negligence *508 of another, and without authority of law, not provided for in this chapter, shall be manslaughter."
See also the authorities cited in Bass v. State, 54 So.2d 259 (Miss. 1951).
The indictment for murder includes the charge of manslaughter. King v. State, 251 Miss. 161, 168 So.2d 637 (1964); Calicoat v. State, 131 Miss. 169, 95 So. 318 (1922); Dyson v. State, 26 Miss. 362 (1853); Kelly v. State, 3 Smedes & M. (11 Miss.) 518 (1844); King v. State, 5 How. 730 (1841). The jury had a right to return a verdict of manslaughter although the verdict under the facts in the instant case might have sustained a murder conviction. Therefore, the appellant cannot complain of a manslaughter verdict under the circumstances of this case. Boyd v. State, 253 Miss. 98, 175 So.2d 132 (1965).
The appellant complains that the district attorney was permitted to curry favor with the jury by permitting it to stand for a moment during his closing argument. This was, of course, irregular. The district attorneys are not in charge of the jury. They have no authority to direct the jury, nor control the conduct of the jury, nor the procedure of a trial. The district attorneys are thrown with the grand juries in the performance of their duties, and are prone to sometime become forgetful and to take liberties with the members of the jury.
It is, of course, the duty of the trial judge to direct the activity of the juries, the lawyers, and the litigants. No person can perform this duty other than the judge. He may direct the officers to keep order and they may do so without further order of the court, but by and large the judge is the moving force in the courtroom.
The time has long since passed when lawyers may put their hands upon members of the jury or in any manner become unduly familiar with a member of the jury. If an attorney becomes aware that some member of the jury is tired, or perhaps nodding as if sleepy, this fact may be conveyed to the trial judge so that he may permit the jury to retire for a brief rest. Neither the district attorney nor any other person is authorized to take charge of the jury and provide for its welfare as a group or as individuals, and where this activity is permitted to such an extent as to indicate the lack of a fair trial, this Court will reverse for a new trial. See 55 A.L.R. 750 (1928).
Ordinarily it is within the judicial discretion of the trial judge to determine whether or not the conduct of an attorney during a trial is so prejudicial as to require the trial court to sustain an objection to such activity and to grant a new trial on his own motion. Richburger v. State, 90 Miss. 806, 44 So. 772 (1907). The district attorney is as much subject to the direction and restraint of the court as any other attorney. Guest v. State, 96 Miss. 871, 52 So. 211 (1910).
In the instant case, however, we are of the opinion that there is nothing to indicate that the defendant was, on the occasion complained of, prejudiced by the acts of the district attorney, nor can we say that the trial judge abused his judicial discretion in failing to reprimand the district attorney, or to grant a new trial.
We are, therefore, of the opinion that the verdict of the jury and the judgment of the trial court should be and are hereby affirmed.
Affirmed.
JONES, BRADY, SMITH and SUGG, JJ., concur.