298 So.2d 711 (1974)
Willie Walter PULLIAM and James Wallace Pulliam
v.
STATE of Mississippi.
No. 47956.
Supreme Court of Mississippi.
August 12, 1974.
*712 Fox & Sanderson, Houston, for appellants.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellants, Willie Walter Pulliam and James Wallace Pulliam, were indicted, tried and convicted of assault and battery with a deadly weapon with the intent to kill in the Circuit Court of Chickasaw County. They were sentenced to serve six years in the State Penitentiary. From that conviction and sentence they appeal. We reverse and remand.
The evidence revealed that at about 9 p.m. on December 24, 1971, Johnny B. Graham was traveling north in a pickup truck on Highway 15 intending to make a left turn to enter a county road that intersected the highway. Appellants were traveling south on the same highway in an automobile. As the two vehicles were meeting, Graham turned his vehicle to the left to enter the county road at a time when appellants' car was so close that it could not avoid colliding with the pickup truck and another vehicle which was following the pickup truck. According to Graham and the other state witnesses, the two men got out of the car and ran up to where Graham's truck had come to rest and pulled him out of the truck amid threats that they were going to kill him. They knocked him to the ground and started kicking him in the face and chest. After Graham was rendered unconscious appellants voluntarily ceased beating him but continued cursing and threatening to kill him. Graham was carried to a hospital where he was treated by Dr. Denney, who testified in his opinion Graham was drunk when he examined him. He found from his examination that Graham had seven lacerations on his face and two broken ribs. On cross examination he testified that Graham's injuries were compatible with an automobile collision.
Appellants testified in their own behalf. Willie Walter Pulliam testified that after the accident he got out of the automobile and stayed in the highway to flag traffic. He denied that he ever struck, cursed or threatened Graham. James Pulliam testified that after the accident he went to Graham's pickup truck and found Graham slumped over the steering wheel of the truck. James said he removed Graham from the truck, laid him on the ground and turned off the motor of the truck. He admitted that he did curse Graham but denied that he threatened to kill him or beat him. Appellants contended that Graham was intoxicated and that he was injured as a result of the collision.
Appellants assign several grounds for reversal of this case, but we will only discuss those which merit discussion. The principle error assigned is that the court was in error in granting Instruction No. 1 on behalf of the state:
The court instructs the jury for the State of Mississippi that if you believe from the evidence beyond a reasonable doubt that the Defendants, Willie Walter Pulliam and James Wallace Pulliam, in the First Judicial District of Chickasaw County, Mississippi, on or about the 24th day of December, 1971, in and upon one Johnny B. Graham then and there did unlawfully and feloniously make an assault with their feet and fists and with said feet and fists did then and there wilfully and feloniously strike, beat and *713 bruise the said Johnny B. Graham with intent him the said Johnny B. Graham wilfully, feloniously and of their malice aforethought to kill and murder, then it is your sworn duty to find the Defendants guilty as charged.
Appellants point out that the indictment in this case charged that they did "assault with a certain deadly weapon, to-wit: their feet and fists, and with said feet and fists did then and there wilfully and feloniously strike, beat and bruise the said Johnny B. Graham with intent him the said Johnny B. Graham wilfully, feloniously and of malice aforethought to kill and murder, ..." It is argued that the foregoing instruction is fatally defective in that it in effect told the jury that feet and fists were a deadly weapon. We are of the opinion that the instruction is erroneous and under the facts and circumstances of this case it is reversible error.
The indictment in this case is drawn under the provisions of Section 2011, Mississippi Code 1942 Annotated (1956), now Section 97-3-7, Mississippi Code of 1972 Annotated. This statute requires that the assault and battery be made upon another with a deadly weapon or other means likely to produce death. The essential elements of the crime charged in the indictment were that appellants made an assault and battery with a deadly weapon and it was done with the intent to kill and murder. We pointed out in Johnson v. State, 230 So.2d 810 (Miss. 1970), that it was obvious that a "shoe-clad foot" is not a deadly weapon in the conventional sense and whether in a given case it is a means likely to produce death is a matter for the determination of the jury. While the use of feet and fists ordinarily would not constitute the use of a deadly weapon, they can constitute a deadly weapon if used with means or force likely to produce death. Whether they are so used is for the jury to determine from the evidence. Under this instruction all that the jury was required to find was that the appellants struck, beat and bruised Graham with the intent to kill and murder him. They were not required to find that appellants' use of their feet and hands was done in a manner such as to constitute a deadly weapon or that they used them as a means or force likely to produce death.
Appellants also urge that the evidence on behalf of the state is not sufficient to show that they actually intended to produce death. It is argued that all of the witnesses on behalf of the state testified that the affray was voluntarily terminated by the appellants with no intervention of third parties. This is true, but the proof on behalf of the state shows that the appellants told Graham that they were going to kill him and actually beat him until he was unconscious. The proof of the severe and intensive nature of the beating, the wounds inflicted, together with the statements of appellants made a jury issue relative to whether the appellants intended to kill Graham. Newburn v. State, 205 So.2d 260 (Miss. 1967) and Golden v. State, 223 Miss. 649, 78 So.2d 788 (1955).
We have carefully considered the other errors assigned, including the alleged improper argument by the district attorney, and we find that these alleged errors are neither without merit or unlikely to recur on another trial of this case.
For the reasons stated this case is reversed and remanded.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, SUGG and WALKER, JJ., concur.