# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-KA-00597-COA

**LORETTA D. ELKINS A/K/A LORETTA ELKINS**                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/29/2024 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE M. McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | BRAD RODRICK THOMPSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/13/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     After a trial by jury, Loretta Elkins was convicted of aggravated assault in the Jones County Circuit Court. Elkins was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC). After the denial of her post-trial motions, Elkins appealed.

## FACTS AND PROCEDURAL HISTORY

¶2.     According to the record on appeal, Elkins had just returned to Mississippi from working in Texas and was in the process of finding a place for her family to live. On the day

of the incident, she was driving her friend Lanycia Luvene's vehicle, and Luvene was riding with her. Elkins went to her aunt's apartment located at the Lone Oak Apartments in Laurel to drop off her daughter and son while she went to look at a potential residence.

¶3.     While Elkins was inside talking with her aunt, a little boy went to the car and told the occupants that Dashawn Davis, also known as "Dado," threatened to harm Elkins' sixteen-year-old son when he sees him. When Elkins heard of the threat, she sent her daughter to tell Dado that she wanted to speak to him. According to Elkins, when she spoke with Dado, he told her that her son was in the wrong. Elkins told Dado that he was an adult, and her son was a kid. She also told Dado that he should speak with her if he had a problem with her son.

¶4.     After that conversation, Elkins got in the car to leave; however, her son remained in the area. As Elkins was leaving, her cousin yelled out to her that Dado had hit her son. According to Elkins, she was angry because Dado had hit her son, and her "reaction was to defend [her] baby." Elkins felt like her son's life was in danger. She grabbed Luvene's gun and ran to the area where her son and Dado had been arguing. While Elkins did not see her son, she did see Dado coming down from an upstairs apartment. According to Elkins, Dado started back up the stairs when he saw her. Elkins fired one shot toward Dado; however, the bullet she fired struck a child.[1] The record shows that the child was shot in the abdomen and was airlifted to Jackson. She underwent emergency surgery and remained in the hospital for

---

[1] The child was the four-year-old daughter of Dado's ex-girlfriend, who lived in a second-floor apartment.

2

three days. She eventually recovered.

¶5. Elkins gave a videotaped statement to Jones County Sheriff's Department Investigator Jardian McDonald. After having been informed of her *Miranda*[2] rights, Elkins voluntarily waived her rights and told the officer that when she fired the weapon, she was aiming for Dado. She stated that she never saw the child until it was too late. This video was played during trial and admitted into evidence. Luvene also testified that immediately following the shooting, Elkins came back to the car and admitted that she had tried to shoot Dado, but she thought she hit a little girl. Elkins testified on her own behalf at trial and told the jury that she intended to shoot Dado, not the child.

¶6. Elkins does not deny that she shot the child, only that she did not *intend* to shoot her. That was also her trial counsel's argument when he moved for a directed verdict at the close of the State's case. The State argued that the doctrine of transferred intent applied in Elkins' case. The circuit court agreed and denied the motion.[3]

¶7. Following her conviction, Elkins' trial counsel filed a "Motion for Judgment of

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] We held in *Craig v. State*, 201 So. 3d 1108, 1112 (¶12) (Miss. Ct. App. 2016):

> Under the doctrine of transferred intent, "the malicious intent of the unlawful act directed toward one person is transferred to the other person." *Dobbins v. State*, 766 So. 2d 29, 33 (¶11) (Miss. Ct. App. 2000) (quoting *Ross v. State*, 158 Miss. 827, 832, 131 So. 367, 368 (1930)). "The doctrine is applicable to the crime of assault. Thus if A, intending to strike B, misses him and strikes C, or if mistaking C for B, he strikes him, he is in either case guilty of an assault and battery on C." *Hitt v. State*, 988 So. 2d 939, 942 (¶12) (Miss. Ct. App. 2008) (quoting *Jones v. State*, 66 Miss. 380, 6 So. 231, 232 (1889)).

Acquittal Notwithstanding the Verdict, and Motion for New Trial." The sentencing order was entered on April 29, 2024, and Elkins was sentenced to serve twenty years in MDOC's custody. Elkins' post-trial motions were denied on May 7, 2024. Her notice of appeal was filed on May 14, 2024.

## ANALYSIS

¶8.    Elkins' appellate counsel filed a brief in compliance with *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), representing to this Court that "counsel diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the Court on Elkins' behalf in good faith for appellate review, and upon conclusion, have found none." Counsel requested Elkins be granted an additional forty days within which to file a pro se supplemental brief. This Court granted Elkins an additional forty days to file a supplemental brief by order dated May 2, 2025; however, no supplemental brief was filed.

¶9.    We have conducted an independent and thorough review of the record in this case. There is legally sufficient evidence to support Elkins' conviction, and we find no issues that warrant reversal of Elkins' conviction or sentence. *See Jackson v. State*, 335 So. 3d 620, 623 (¶11) (Miss. Ct. App. 2022).

¶10.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**